STATE OF MICHIGAN

 COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN, UNPUBLISHED
 November 25, 2014
 Plaintiff-Appellee,

v No. 317191
 Oakland Circuit Court
JASON ALLEN PARKS, LC No. 2012-244246-FC

 Defendant-Appellant.

Before: O’CONNELL, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

 Defendant appeals as of right his jury convictions of armed robbery, MCL 750.529, and
first-degree home invasion, MCL 750.110a(2). We affirm.

 The victim testified that she was babysitting her sister’s child at a house located in
Pontiac when she heard a knock at a sliding glass door and saw defendant at the door. She
opened the door and defendant asked for her sister. After telling defendant that her sister was not
home, defendant forced his way into the house, brandishing a machete. He pointed the machete
at the victim and demanded money. When she dropped to the ground, defendant ran into a
bedroom and took money and personal items. The victim left the house and ran to a neighbor’s
house.

 I. Double Jeopardy

 Defendant’s first trial resulted in a mistrial. The victim was the prosecutor’s first witness.
She was asked if she “became familiar with who the person may have been that assaulted” her,
and she answered that she had through Jason Keith Ashley. Asked how she knew Ashley, she
answered, “I grew up in their family.” She testified that she “know[s] all of ‘em,” other than
defendant, she added, without a question being posed, “‘cause he was in and out of prison.” The
victim also testified that her sister later showed her a photograph of defendant “off of the
Michigan Department of Corrections web site.” The prosecutor responded, “Okay, hang on.
Let’s move on.” Thereafter, defendant requested a mistrial, arguing that the victim’s references
to defendant’s history of incarceration were prejudicial. The trial court granted the request for a
mistrial, but held that there was no intent by the prosecutor to elicit the prejudicial testimony.

 On appeal, defendant argues that retrial was barred under principles of double jeopardy
because the prosecutor intended to provoke a mistrial. We disagree.

 -1-
 We review de novo as a question of law whether a trial is barred by the Double Jeopardy
Clause of the state or federal constitutions. People v Lett, 466 Mich 206, 212; 644 NW2d 743
(2002). We review for clear error a trial court’s determination whether the prosecutor intended
to provoke a mistrial. People v Dawson, 431 Mich 234, 258; 427 NW2d 886 (1988).

 The Fifth Amendment to the United States Constitution and Article I, § 15 of the
Michigan Constitution provide that a criminal defendant “may not ‘be twice put in jeopardy’ for
the same offense.” Lett, 466 Mich at 213. Among their protections, these clauses provide “that
where a defendant requests or consents to a mistrial, retrial is . . . barred [if] the prosecutor has
engaged in conduct intended to provoke or ‘goad’ the mistrial request.” Id. at 215.

 In this case, the trial court properly concluded that the prosecutor did not engage in
conduct intended to provoke a mistrial. The prosecutor’s line of questioning was designed to
show how defendant became a suspect in this case. The victim’s statement that she did not know
defendant because “he was in and out of prison” was not made in response to any question posed
by the prosecutor. And after the victim testified that a picture she saw of defendant was “off of
the Michigan Department of Corrections web site,” the prosecutor immediately interrupted this
non-responsive testimony. Further, there is no evidence of a possible motive to provoke a
mistrial on the first day of trial during the examination of the first witness. Under these
circumstances, the trial court did not clearly err in finding that the prosecutor did not engage in
conduct intended to provoke or ‘goad’ the mistrial request. See Dawson, 431 Mich at 258.

 II. MRE 404(b) Evidence

 Next, defendant argues that MRE 404(b) was violated because a machete and testimony
regarding “family trouble” involving defendant were improperly admitted into evidence. We
disagree.

 We review a trial court’s evidentiary rulings for an abuse of discretion. People v
Watson, 245 Mich App 572, 575; 629 NW2d 411 (2001). “A trial court abuses its discretion
when it chooses an outcome that is outside the range of reasonable and principled outcomes.”
People v Orr, 275 Mich App 587, 588-589; 739 NW2d 385 (2007).

 Defendant argues that a machete recovered by a police officer at another house in Pontiac
the day after this armed robbery while responding to a call of “family trouble” involving
defendant constituted improper “bad acts” evidence. However, the victim identified the machete
as the machete used against her during the armed robbery. Thus, contrary to defendant’s claim,
this evidence was not admitted to “imply [defendant’s] propensity for violence.” See People v
VanderVliet, 444 Mich 52, 64; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994). Further,
the officer’s testimony regarding “family trouble” involving defendant was admissible because it
was offered to explain how the machete was recovered, not to show “defendant’s inclination to
wrongdoing in general to prove that the defendant committed the conduct in question.” Id. at 63.
Accordingly, the trial court did not abuse its discretion when it admitted the contested evidence.
See Orr, 275 Mich App at 588-589.

 -2-
 III. Photograph

 The victim identified defendant after her sister showed her a picture of him. This picture
was admitted as an exhibit at trial. The exhibit was a picture of defendant in front of a cinder
block wall with the words “BIOGRAPHICAL INFORMATION” above it and defendant’s name
below it. The picture was taken from the Michigan Department of Corrections Offender
Tracking Information System (OTIS) website, although there is no explicit indication of this on
the exhibit.

 Defendant first argues that his trial counsel rendered ineffective assistance by failing to
move in limine to redact “BIOGRAPHICAL INFORMATION” and defendant’s name from the
exhibit because it was obvious that the picture was from the Michigan Department of Corrections
website and that defendant had a criminal history. We disagree.

 To establish an ineffective assistance of counsel claim, the defendant must show that “(1)
counsel’s performance fell below an objective standard of reasonableness and (2) but for
counsel’s deficient performance, there is a reasonable probability that the outcome would have
been different.” People v Trakhtenberg, 493 Mich 38, 51; 826 NW2d 136 (2012). Because
defendant failed to preserve this issue, our review is limited to errors apparent on the record. See
People v Ginther, 390 Mich 436; 212 NW2d 922 (1973); People v Jordan, 275 Mich App 659,
667; 739 NW2d 706 (2007).

 Defendant does not dispute that the prosecutor was entitled to introduce the picture the
victim used to identify defendant as her assailant. Defendant argues, however, that “[h]ad the
headings been redacted, the photograph could at best be viewed as a being [sic] taken
anywhere.” However, even if a knowledgeable juror may have speculated that the photograph
was taken from the Michigan Department of Corrections website, redacting the photograph as
suggested by defendant would not have eliminated this possibility. Consequently, defendant has
failed to establish that his counsel’s performance fell below an objective standard of
reasonableness and that, but for counsel’s deficient performance, there is a reasonable probability
that the outcome would have been different. See Trakhtenberg, 493 Mich at 51.

 In the alternative, defendant argues that the trial court should have sua sponte redacted
the exhibit. After reviewing this unpreserved claim, we conclude that any such failure by the
trial court did not establish plain error affecting defendant’s substantial rights. See People v
Carines, 460 Mich 750, 763; 597 NW2d 130 (1999); People v Coy, 258 Mich App 1, 12; 669
NW2d 831 (2003).

 Affirmed.

 /s/ Peter D. O’Connell
 /s/ Mark J. Cavanagh
 /s/ Karen M. Fort Hood

 -3-